# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

WILLIAM R. CHANDLER,

    Plaintiff,

v.

SANDRA J. CHANDLER, et al.,

    Defendants.

2:10-CV-672 JCM (LRL)

## ORDER

Presently before the court is *Chandler v. Chandler* (2:10-cv-00672-JCM-LRL). Plaintiff William Chandler, who is proceeding *pro se,* has filed three amended complaints. (Docs # 19, 24, 40). The original complaint named defendants Sandra J. Chandler, Nancy A. Kelley, and Charles W. Gurtler, Jr. (Doc. #1). The first amended complaint added defendant Stephen L. Irgens. (Doc. #19). The following two amended complaints, filed without leave of the court, added defendants Rick A. Williams and Richard Weiss. (Docs. # 24, 40).

Plaintiff and defendant Chandler are parties to a divorce proceeding in Arizona. Defendants Kelley and Irgens were attorneys for defendant Chandler in that case to represent her in that case. Defendants Gurtler, Williams, and Weiss are judges who have presided over the Arizona divorce proceeding.

In his complaints, plaintiff maintains that defendants collectively conspired to defraud him of his property. Plaintiff asserts that both he and his wife, defendant Chandler, were residents of Nevada when the divorce was filed. Accordingly, plaintiff alleges that because neither party was domiciled in Arizona, defendants Kelley, Gurtler, Irgens, Williams, and Weiss violated their legal

**James C. Mahan**
**U.S. District Judge**

Case 2:10-cv-00672-JCM-LRL   Document 54   Filed 09/07/10   Page 2 of 5

1  duty by allowing the case to continue in Arizona. Plaintiff maintains that defendants' acts caused
2  the loss of his property and his subsequent bankruptcy.
3    Plaintiff originally brought suit alleging diversity jurisdiction under 28 U.S.C. § 1332 and
4  jurisdiction under 28 U.S.C. § 1331 pursuant to his federal 42 U.S.C. § 1983 claim. Plaintiff's
5  amended complaints allege violations of 42 U.S.C. § 1985 and additional tortious acts.
6    To adjudicate a claim, a court must have subject matter jurisdiction over the case, and it must
7  be proper to exercise that jurisdiction. This court finds that it does not have subject-matter
8  jurisdiction, and that even if it did, exercising jurisdiction would be improper.

**I.  SUBJECT MATTER JURISDICTION**

10   Federal Rule of Civil Procedure 12(h)(3) provides that "if the court determines at any time
11 that it lacks subject-matter jurisdiction, the court must dismiss the action." Here, the court finds that
12 it does not have subject-matter jurisdiction over the complaint.

13   A.  <u>Federal Question Jurisdiction under 28 U.S.C. §§ 1331</u>

14   Under 28 U.S.C. § 1331, district courts have jurisdiction over civil actions that arise under
15 the constitution or federal law. Here, plaintiff claims this court has federal question jurisdiction
16 because he has asserted civil rights claims under 42 U.S.C. §§ 1983 and 1985. However, plaintiff
17 has failed to plead a prima facie case under § 1983, and his § 1985 claim is not properly before the
18 court. Therefore, there is no federal question to adjudicate.

19   *I.  Section 1983 Claims*

20   To state a claim under section 1983, a plaintiff must show that 1) defendants are state
21 officers; 2) defendants acted in their official capacity to deprive the plaintiff of his rights under the
22 constitution or federal law; 3) plaintiff was deprived of his property without due process of law; 4)
23 this deprivation caused the plaintiff's injury. *See e.g, Lugar v. Edmondson Oil Co., Inc.*, 457 U.S.
24 922, 937 (1982) (stating that the person responsible must be fairly classified as a "state actor");
25 *Monell v. Department of Social Services of New York*, 436 U.S. 658, 692 (1978) (holding that there
26 must be a causal link between the defendant's act and the plaintiff's harm); *Cleveland Board of*
27 *Education v. Loudermill,* 470 U.S. 532, 542 (1985) (explaining what constitutes a deprivation of due
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  process).

2  Here, plaintiff is unable to plead the first element of a section 1983 claim, which requires
3  showing that the defendants are state officers. *Lugar*, 457 U.S. at 837. Defendant Chandler is a
4  private citizen. As plaintiff admits in his complaints, defendants Kelley and Irgens are attorneys
5  licensed to practice in Arizona.  Private attorneys are not state officers, and plaintiff does not set
6  forth any facts alleging otherwise.

7  Although defendants Gurtler, Williams, and Weiss are judges and therefore state officers,
8  they are protected actors. Under the doctrine of judicial immunity, judges are immune from liability
9  for acts done in their judicial capacity. *Pierson v. Ray*, 386 U.S. 547, 553-554 (1967). A dissatisfied
10 litigant may appeal the judge's decision but may not attempt to hold the judge personally liable, even
11 if the decision was made maliciously or corruptly. *Id.* Such immunity is necessarily in the best
12 interest of the public, for judges must be able to function independently and without fear of liability.
13 *Id.*

14 The court finds that plaintiff does not have a claim under section 1983; accordingly, it may
15 not exercise subject matter jurisdiction pursuant to this claim.

16     *ii.*  *Section 1985 Claims*

17 Under Federal Rule of Civil Procedure 15(a), a plaintiff may amend his complaint once
18 without leave of court.  However, rule 15(a)(2) states that the plaintiff cannot further amend his
19 complaint unless he receives the court's leave or defendants' permission. While *pro se* plaintiffs are
20 held to a lesser pleading standard than trained professionals, *Federal Express Corp. v. Holowecki*,
21 552 U.S. 389, 402 (2008), *pro se* plaintiffs must still abide by the rules of the court and are not
22 excused from failing to follow rules simply because of their status. *See Faretta v. California*, 422
23 U.S. 806, 834 n. 46 (1975) (explaining that "[t]he right of self-representation is not . . . a license not
24 to comply with relevant rules of procedural and substantive law").

25 Here, plaintiff has filed two amended complaints without leave of the court in violation of
26 rule 15(a), which have added a claim under 42 U.S.C. § 1985. Although rule 15 gives this court
27 discretion to admit the second and third amended complaints, consideration of plaintiff's amended

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  complaints is futile according tot he *Rooker-Feldman* analysis below.

2  Both bases for federal question jurisdiction having been dismissed, this court does not have
3  jurisdiction under section 1331.

4    B.  Diversity Jurisdiction under 28 U.S.C. §§ 1332

5  Under 28 U.S.C. § 1332, subject matter jurisdiction exists where there is complete diversity
6  between the parties, and the amount in controversy exceeds $75,000. The court may find complete
7  diversity where no defendant is a resident of the same state as the plaintiff. *See Owen Equipment*
8  *& Erection Co. v. Kroger*, 437 U.S. 365, 373–74 (1978).

9  Here, plaintiff maintains that the Arizona court does not have jurisdiction to hear the divorce
10 proceeding because plaintiff and defendant Chandler are residents of Nevada, and neither was
11 domiciled in Arizona at the time the divorce proceeding began. Plaintiff never alleges that defendant
12 Chandler's residency status has since changed. Thus, having claimed that the divorce proceeding was
13 filed against two Nevada residents, he cannot now assert that defendant Chandler is an Arizona
14 resident without some explanation and support for his changed position. Accordingly, the court does
15 not have diversity jurisdiction over this case.

16 Both diversity and federal question jurisdiction lacking, the court finds that it does not have
17 subject matter jurisdiction to properly adjudicate the present case.

18 **II. ROOKER-FELDMAN DOCTRINE**

19 Even if this court were to find it had jurisdiction, it would have to consider whether
20 exercising jurisdiction would be appropriate. Under the *Rooker-Feldman* doctrine, a federal court
21 should refrain from sitting in direct review of state court decisions unless specifically authorized by
22 Congress. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415–416 (1923); *District of Columbia Court*
23 *of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). This doctrine encompasses constitutional rights
24 claims that are so related to the state court's decision that a district court would essentially have to
25 review the state court's decision in order to adjudicate the federal claim. *See Feldman*, 460 U.S. at
26 482–86.

27 Here, plaintiff's claims would force this court to review the Arizona court's decision to

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  exercise jurisdiction over the Chandlers' divorce proceeding. Essentially, this court would have to
2  decide whether the Arizona court erred in determining defendant Chandler was domiciled in
3  Arizona. The court finds that this method of review would violate the Rooker-Feldman doctrine.
4      Therefore, even if this court did find that it has subject matter jurisdiction over the case, the
5  issues presented are inappropriate for adjudication.
6      Accordingly,
7      IT IS HEREBY ORDERED ADJUDGED AND DECREED that *Chandler v. Chandler*
8  (2:10-cv-00672-JCM-LRL) be, and the same hereby is, DISMISSED with prejudice.
9      IT IS FURTHER ORDERED that all pending motions are hereby vacated.
10     DATED September 7, 2010.

_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**